UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Michael Martin
and Julie Martin

    v.                                Civil No. 15-cv-447-LM
                                          Opinion No. 2016 DNH 016
Wells Fargo Bank, N.A.
and North American Savings
Bank, FSB

**O R D E R**

In a case that has been removed from the New Hampshire Superior Court, Michael and Julie Martin, proceeding pro se, seek to enjoin Wells Fargo Bank, N.A. ("Wells Fargo") from selling their home at a foreclosure sale. The Martins also seek damages from Wells Fargo and North American Savings Bank, FSB ("NASB"), alleging claims that arose from the defendants' conduct in handling the Martins' promissory note and mortgage and in attempting to foreclose on their home. Before the court is Wells Fargo's motion to dismiss for failure to state a claim upon which relief can be granted.[1]  See Fed. R. Civ. P. 12(b)(6). The Martins object. For the reasons that follow, Wells Fargo's motion to dismiss is granted.

---

[1] NASB has not filed a response to the complaint or otherwise appeared in this action.

**Standard of Review**

Under Rule 12(b)(6), the court must accept the factual allegations in the complaint as true, construe reasonable inferences in the plaintiff's favor, and "determine whether the factual allegations in the plaintiff's complaint set forth a plausible claim upon which relief may be granted." Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 71 (1st Cir. 2014) (citation omitted).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Analyzing plausibility is "a context-specific task" in which the court relies on its "judicial experience and common sense."  Id. at 679.

Because the Martins are proceeding pro se, the court is obliged to construe their complaint liberally.  See Erikson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (internal citations omitted) ("a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers").  However, "pro se status does not insulate a party from complying with procedural and substantive law.  Even under a liberal construction, the complaint must adequately allege the elements of a claim with the requisite supporting

facts." Chiras v. Associated Credit Servs., Inc., 12-10871-TSH, 2012 WL 3025093, at *1 n.1 (D. Mass. July 23, 2012) (quoting Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997) (internal citation and quotation marks omitted)).

Where, as here, written instruments are provided as exhibits to a pleading, the exhibits are "part of the pleading for all purposes."[2] Fed. R. Civ. P. 10(c); see also Trans-Spec Truck Serv. v. Caterpillar, Inc., 524 F.3d 315, 321 (1st Cir. 2008). When "a written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations." Clorox Co. P.R. v. Proctor & Gamble Commercial Co., 228 F.3d 24, 32 (1st Cir. 2000) (internal quotation marks and citation omitted).

With its motion to dismiss, Wells Fargo submitted a copy of the assignment of the Martins' mortgage. See Ex. A to Mot. to Dismiss (doc. no. 6-2). When the moving party presents matters outside the pleadings to support a motion to dismiss, the court must either exclude those matters or convert the motion to one for summary judgment. Fed. R. Civ. P. 12(d). An exception to Rule 12(d) exists "for documents the authenticity of which [is] not disputed by the parties; for official public records; for

---

[2] The Martins attached as exhibits to their complaint the promissory note and the mortgage.

documents central to the plaintiffs' claim; or for documents sufficiently referred to in the complaint." Rivera v. Centro Medico de Turabo, Inc., 575 F.3d 10, 15 (1st Cir. 2009) (internal quotation marks and citation omitted).  Because the mortgage assignment is central to certain of the Martins' claims against Wells Fargo, the court may consider it without converting the motion to one for summary judgment.

## Background

On November 25, 2009, Michael Martin executed a promissory note in favor of NASB, in exchange for a loan of $217,979.  That same date, Michael and Julie Martin granted a mortgage to NASB to secure the loan.  The mortgage encumbered the Martins' home at 79 Ford Farm Road in Milton, New Hampshire.

The mortgage states that Mortgage Electronic Registration Systems, Inc. ("MERS") is the mortgagee as nominee for the lender, NASB.  On November 2, 2012, MERS, acting as nominee for NASB, assigned the mortgage to Wells Fargo.

At some point in 2015, Wells Fargo notified the Martins that they were in default and that it was instituting foreclosure proceedings.  Before the scheduled date of the foreclosure auction, the Martins brought this action.

The Martins allege that NASB misrepresented itself to the Martins prior to Michael Martin's execution of the promissory

4

note, and that NASB took other unlawful actions to induce the Martins to enter into the mortgage. The Martins also allege that sometime in December 2009, NASB sold its interest in the note and attempted to sell its interest in the mortgage to an entity other than Wells Fargo, which, they allege, is unlawful. They further allege that Wells Fargo lacks standing to foreclose on their home.

## Discussion

The Martins assert six claims: Fraud in the Concealment (Count I); Unconscionable Contracts (Count II); Breach of Fiduciary Duty (Count III); Intentional Infliction of Emotional Distress (Count IV); Declaratory Relief (Count V); and Wrongful Foreclosure (Count VI).

Wells Fargo moves to dismiss all of the claims brought against it. It argues that Counts I – III do not allege any wrongful conduct by Wells Fargo and are barred by the statute of limitations. It asserts that Counts IV – VI are premised on the erroneous allegation that Wells Fargo does not have standing to foreclose. Wells Fargo contends that the mortgage, note, and mortgage assignment show that it does have the authority to foreclose. It also argues that the Martins cannot bring a claim for wrongful foreclosure because it has not foreclosed on the Martins' home.

The Martins did not respond to Wells Fargo's arguments in their objection. Rather, in their objection, they contend that they have standing to pursue their claims.[3] They also argue that the motion to dismiss should be denied because discovery has not yet begun.

I.  Claims Not Alleged Against Wells Fargo

Wells Fargo argues that the Martins' claims for fraud in the concealment, unconscionable contracts, and breach of fiduciary duty are based on allegations that they were induced to enter into the mortgage and that Michael was induced to execute the promissory note, based on NASB's unlawful conduct. As such, Wells Fargo contends, the complaint does not allege that it was involved with the Martins' mortgage or note at their inception and, therefore, Counts I – III do not allege any wrongful conduct by Wells Fargo. It also argues that because the claims arise out of the execution of the note and mortgage in 2009, the claims are barred by the statute of limitations.

   A.  Count I: Fraud in the Concealment

The Martins allege in Count I that NASB concealed several facts from them to induce them to enter into the note and

---

[3] Wells Fargo does not challenge the Martins' standing to pursue their claims.

mortgage. The alleged concealed facts include that NASB is not a depository bank and that certain "Securitization Agreements" existed which altered the nature of the loan.

The underlying loan documents show that Wells Fargo was not a party to the note or mortgage at the time they were executed. The complaint does not allege that Wells Fargo had any involvement with the loan and/or mortgage at the time they were executed, and it does not identify any facts that Wells Fargo concealed. See Compl. ¶¶ 12-22. Therefore, the complaint does not allege sufficient facts to make out a claim of fraud in the concealment against Wells Fargo.

    B.   <u>Count II: Unconscionable Contracts</u>

The Martins allege in Count II that they were at a special disadvantage when entering into the mortgage agreement with NASB. They allege that NASB used its advantage to make the Martins believe that they needed to meet certain industry standard underwriting requirements in order to qualify for a loan, made them believe that they had to give a "preliminary signature" on the mortgage to lock in an interest rate, and that NASB failed to clarify certain terms of the mortgage.

None of the allegations underlying Count II is directed against Wells Fargo. See id. ¶¶ 23-30. Therefore, the

7

complaint does not state a claim for unconscionable contracts against Wells Fargo.

    C.    <u>Count III: Breach of Fiduciary Duty</u>

The Martins allege in Count III that NASB breached its fiduciary duty to them by failing to disclose to them that it was not a legitimate creditor, that it only had a "personal property interest over the real property collateral," id. ¶ 35, and by failing to comply with certain covenants in the mortgage agreement.

None of the allegations in Count III is directed against Wells Fargo. See id. ¶¶ 31-37. Therefore, the complaint does not state a claim for breach of fiduciary duty against Wells Fargo.

Accordingly, the complaint fails to state a claim for relief against Wells Fargo for fraud in the concealment, unconscionable contracts, or breach of fiduciary duty. Those claims are dismissed as to Wells Fargo.[4]

II.    <u>Claims Arising Out Of Wells Fargo's Authority To Foreclose</u>

Wells Fargo argues that the Martins' remaining claims are based on the allegation that Wells Fargo does not have standing

---

[4] Because the complaint fails to state a claim for relief against Wells Fargo as to Counts I – III, the court does not address Wells Fargo's statute of limitations argument.

to foreclose. It asserts that the mortgage assignment shows it currently holds the mortgage and argues that, based on the language of the mortgage, it has the authority to foreclose regardless of whether it holds the note. It also asserts that the documents attached to the Martins' complaint show that Wells Fargo does hold the note. Wells Fargo argues that, therefore, it has the legal authority to foreclose, and that the complaint does not allege any facts to support its conclusory assertion to the contrary.

The mortgage states that MERS is acting "solely as a nominee for Lender . . . and Lender's successors and assigns." Mortg. (doc. no. 1-1) at 14. The mortgage expressly grants MERS (solely as nominee for Lender and Lender's successors and assigns) the power of sale and "the right to foreclose and sell the Property; and to take any action required of Lender." Id. at 15. Thus, "[t]he [mortgage] agreement plainly authorizes MERS to act on the Lender's behalf, albeit in a limited way, thus evidencing the existence of an agency relationship." Bergeron v. N.Y. Cmty. Bank, 121 A.3d 821, 826 (2015).

The mortgage assignment, which was recorded on November 12, 2012, states that MERS, as nominee for NASB, its successors and assigns, conveys the mortgage to Wells Fargo. See doc. no. 6-2. The Martins have not argued that MERS lacked the authority to

9

assign the mortgage under the terms of the mortgage document. See Woods v. Wells Fargo Bank, N.A., 733 F.3d 349, 354-56 (1st Cir. 2013) (discussing MERS's function and assignment authority).

Thus, the mortgage authorizes MERS and its assignees to act on behalf of the noteholder, and MERS assigned the mortgage to Wells Fargo. Therefore, regardless of whether Wells Fargo holds the note, the plain language of the mortgage gives it "the authority, as agent of the noteholder, to exercise the power of sale." Bergeron, 121 A.3d at 827 (noting that if the language of the mortgage establishes an agency relationship between the assignee of MERS and the holder of the note, the assignee of MERS has the authority to foreclose regardless of whether that entity holds the note at the time of the foreclosure).

In addition, the underlying documents show that Wells Fargo does hold the note. A "promissory note is a negotiable instrument subject to the provisions of Article 3 of the Uniform Commercial Code" ("UCC"). Galvin v. EMC Mortg. Corp., 27 F. Supp. 3d 224, 233 (D.N.H. 2014) (internal quotation marks and citation omitted). Under the UCC, the holder of an instrument may enforce it. See N.H. Rev. Stat. Ann. ("RSA") § 382-A:3-301. "A holder is a person who is in possession of an instrument drawn, issued, or indorsed to him or to his order." LeDoux v.

JP Morgan Chase, N.A., No. 12-cv-260-JL, 2012 WL 5874314, at *5 (D.N.H. Nov. 20, 2012) (internal quotation marks and citation omitted).

As alleged in the complaint and shown in the note, at the outset of the loan, NASB held the note. See Note (doc. no. 1-1) at 10-13. An allonge is affixed to the note. The allonge refers to the loan number, the loan amount, the Martins' property, and Michael Martin as the borrower. See id. at 13. It also states: "Pay to the order of Wells Fargo Bank, N.A. Without Recourse North American Savings Bank, F.S.B." Id. Thus, the allonge serves to indorse the note to Wells Fargo, making it the holder. See Galvin, 27 F. Supp. 3d at 233; see also RSA §§ 382-A:-204(a), 382-A:3-205(a).[5]

The Martins do not raise any challenges to the allonge's validity. Therefore, the allonge demonstrates that the note was indorsed to Wells Fargo, making Wells Fargo the holder of the note.

### A.   Count IV: Intentional Infliction of Emotional Distress

The Martins allege in Count IV that Wells Fargo intentionally caused them emotional distress by initiating

---

[5] The allonge is undated. However, "New Hampshire law does not require an indorsement to be dated." Galvin, 27 F. Supp. 3d at 234.

11

foreclosure proceedings despite having "no legal, equitable, or actual beneficial interest whatsoever in the Property." Compl. ¶ 42. As discussed above, the mortgage, note, and assignment of the mortgage demonstrate that Wells Fargo has the legal authority to initiate foreclosure proceedings. Therefore, the Martins fail to allege sufficient facts to state a plausible claim for relief for intentional infliction of emotional distress.[6]

### B. Count V: Declaratory Relief

The Martins seek to quiet title and ask for a declaratory judgment from the court stating that defendants "have no interest estate, right, title or interest" in their property. Compl. ¶ 53. A successful petition to quiet title "quiets title as against the world with respect to the land at issue." Porter v. Coco, 154 N.H. 353, 357 (2006); see RSA § 498:5-a. Because of this, "[u]nder New Hampshire law, the party seeking to quiet

---

[6] The Martins also include an allegation that they "did not default in the manner stated in the Notice of Default." Compl. ¶ 47. The Martins do not provide any facts to support that allegation. The only document included in the record that bears on the manner of the Martins' default is Exhibit D to their motion to enjoin the foreclosure, a letter to Michael from Wells Fargo Home Mortgage, dated August 9, 2015, that states the "loan is 11 payments past due, with a total amount due of $20,553.09." Doc. no. 3-4 at 11. To the extent the Martins intended to allege that they did not default on their loan, they have failed to allege sufficient facts to state a plausible claim for relief.

12

title bears the burden of establishing his good title to the property against the interests of all others." Fadili v. Deutsche Bank Nat'l Trust Co., 772 F.3d 951, 954 (1st Cir. 2014) (citing Porter, 154 N.H. at 357).

The Martins have not pled facts that would allow the court to draw a reasonable inference that they are entitled to relief. As discussed above, the mortgage, note, and mortgage assignment show that Wells Fargo has a valid interest in the property. Therefore, the Martins' claim for declaratory relief must be dismissed.

### C.   Count VI: Wrongful Foreclosure

The Martins allege in Count VI that Wells Fargo does not properly hold the note or mortgage and, therefore, have engaged in a wrongful foreclosure.

"[A] necessary element of a wrongful foreclosure claim, as the claim suggests, is that a foreclosure sale must have occurred." Worrall v. Fed. Nat'l Mortg. Ass'n, No. 13-cv-330-JD, 2013 WL 6095119, at *3 (D.N.H. Nov. 20, 2013). The Martins do not allege that a foreclosure sale has occurred and, as the court observed in its November 3, 2015 order (doc. no. 4), the foreclosure sale has been postponed indefinitely. Therefore, the complaint does not state a claim for wrongful foreclosure.

In sum, the complaint fails to allege sufficient facts to state any plausible claims for relief against Wells Fargo.  The court, therefore, grants Wells Fargo's motion without prejudice to the Martins' ability to file a complaint that states sufficient claims against Wells Fargo.

## Conclusion

For the foregoing reasons, Wells Fargo's motion to dismiss (doc. no. 6) is granted without prejudice to the Martins' ability to file an amended complaint setting forth facts sufficient to state plausible claims against Wells Fargo.  See, e.g., Rodi v. S. New Eng. Sch. of Law, 389 F.3d 5, 20 (1st Cir. 2004).  The Martins have until **February 18, 2016,** to file an amended complaint.  Failure to file an amended complaint within this time frame will result in the dismissal of the Martins' claims against Wells Fargo with prejudice.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

January 19, 2016

cc:   Michael C. Martin, pro se
      Julie A. Martin, pro se
      David D. Christensen, Esq.