**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Michael Martin
and Julie Martin

        v.                              Civil No. 15-cv-447-LM
                                        Opinion No. 2016 DNH 084
Wells Fargo Bank, N.A.
and North American Savings
Bank, FSB

**O R D E R**

Michael and Julie Martin, proceeding pro se, brought suit in state court against Wells Fargo Bank, N.A. ("Wells Fargo") and North American Savings Bank, FSB ("NASB"), alleging claims that arose from defendants' conduct in handling the Martins' promissory note and mortgage and in attempting to foreclose on their home.  The case was removed to this court on October 30, 2015.  The court granted Wells Fargo's motion to dismiss the complaint without prejudice to the Martins' opportunity to file an amended complaint setting forth facts sufficient to state plausible claims against Wells Fargo.[1]  See doc. no. 11.  The Martins filed an amended complaint (doc. no. 12), and Wells Fargo moves to dismiss (doc. no. 16).  The Martins object.  For

_____

[1] NASB has not filed a response to the complaint or otherwise appeared in this action.

the reasons that follow, Wells Fargo's motion to dismiss is granted.

### Standard of Review

Under Rule 12(b)(6), the court must accept the factual allegations in the complaint as true, construe reasonable inferences in the plaintiff's favor, and "determine whether the factual allegations in the plaintiff's complaint set forth a plausible claim upon which relief may be granted." Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 71 (1st Cir. 2014) (citation omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Analyzing plausibility is "a context-specific task" in which the court relies on its "judicial experience and common sense." Id. at 679.

Because the Martins are proceeding pro se, the court is obliged to construe their complaint liberally. See Erikson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (internal citations omitted) ("[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."). However, "pro se status does not insulate a party from complying with procedural and substantive

2

law.  Even under a liberal construction, the complaint must adequately allege the elements of a claim with the requisite supporting facts." Chiras v. Associated Credit Servs., Inc., 12-10871-TSH, 2012 WL 3025093, at *1 n.1 (D. Mass. July 23, 2012) (quoting Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997) (internal citation and quotation marks omitted)).

Where, as here, written instruments are provided as exhibits to a pleading, the exhibits are "part of the pleading for all purposes."[2] Fed. R. Civ. P. 10(c); see also Trans-Spec Truck Serv. v. Caterpillar, Inc., 524 F.3d 315, 321 (1st Cir. 2008).  When "a written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations." Clorox Co. P.R. v. Proctor & Gamble Commercial Co., 228 F.3d 24, 32 (1st Cir. 2000) (internal quotation marks and citation omitted).

## Background

On November 25, 2009, Michael Martin executed a promissory note in favor of NASB, in exchange for a loan of $217,979.  That same date, Michael and Julie Martin granted a mortgage to NASB to secure the loan.  The mortgage encumbered the Martins' home at 79 Ford Farm Road in Milton, New Hampshire.

---

[2] The Martins attached as exhibits to their complaint the promissory note, the mortgage, and the assignment of the mortgage, as well as various other documents.

The mortgage states that Mortgage Electronic Registration Systems, Inc. ("MERS") is the mortgagee as nominee for the lender, NASB.  On November 2, 2012, MERS, acting as nominee for NASB, assigned the mortgage to Wells Fargo.

On September 10, 2015, the law firm of Bendett & McHugh, acting on Wells Fargo's behalf, sent the Martins a notice of foreclosure, informing them that a foreclosure auction would occur on November 4, 2015.  Before the scheduled date of the foreclosure auction, the Martins brought this action.

## Discussion

The Martins assert three claims against Wells Fargo in their amended complaint: Wrongful Foreclosure (Count I); Intentional Infliction of Emotional Distress (Count II); and Declaratory Relief (Count III).  Wells Fargo moves to dismiss all claims.[3]

As with the Martins' claims alleged against Wells Fargo in the original complaint, the claims in the amended complaint are based on the allegation that Wells Fargo does not have the legal authority to foreclose on the Martins' home.  As the court laid

---

[3] The Martins brought this case against NASB and Wells Fargo, and their original complaint asserted six claims against both defendants.  The amended complaint lists NASB and Wells Fargo as defendants, but the "parties" section of the amended complaint lists only Wells Fargo as a defendant, and the allegations are all directed at Wells Fargo.

out in detail in its previous order, however, the mortgage expressly grants MERS (solely as nominee for Lender and Lender's successors and assigns) the power of sale and "the right to foreclose and sell the Property; and to take any action required of Lender."  The mortgage assignment, which was recorded on November 2, 2012, states that MERS, as nominee for NASB, its successors and assigns, conveys the mortgage to Wells Fargo. Thus, the mortgage authorizes MERS to act on behalf of the noteholder, and MERS assigned the mortgage to Wells Fargo.

The Martins argue that, despite the assignment of the mortgage, Wells Fargo does not have the authority to foreclose for two reasons.  First, they contend that Wells Fargo does not hold the note, and cannot foreclose without holding both the note and the mortgage.  As the court explained in its previous order, however, regardless of whether Wells Fargo holds the note, the plain language of the mortgage gives the holder of the mortgage "the authority, as agent of the noteholder, to exercise the power of sale." Bergeron v. N.Y. Cmty. Bank, 168 N.H. 63, 71 (N.H. 2015) (noting that if the language of the mortgage establishes an agency relationship between the assignee of MERS and the holder of the note, the assignee of MERS has the authority to foreclose regardless of whether that entity holds

the note at the time of the foreclosure).  Therefore, Wells Fargo does not need to hold the note in order to foreclose.[4]

Second, the Martins contend that the assignment of the mortgage was invalid because NASB did not hold the mortgage at the time of the assignment.  They base that argument on the allegation in their amended complaint that prior to the assignment of the mortgage, NASB "sold its personal property interest in the Plaintiffs Accommodation Note as a transferable record to Guaranteed REMIC Pass-Through Securities and MX Securities, Ginnie Mae REMIC Trust 2009-117."  Doc. no. 12 at ¶ 8.

Assuming the truth of that allegation, the assignment of the mortgage was valid.  The mortgage assignment plainly states that MERS is acting as nominee for NASB and its successors and assigns.  Therefore, even if NASB sold the note in 2009 as alleged in the complaint, MERS had the authority to assign mortgage on behalf of the successor noteholder.  Accordingly,

---

[4] In addition, as the court noted in its previous order, the underlying documents show that Wells Fargo does hold the note. Because the Martins dispute that fact, and because Wells Fargo may foreclose even if it does not hold the note, the court need not address in this order whether Wells Fargo properly holds the note.

the amended complaint does not plausibly allege that the
assignment of the mortgage to Wells Fargo was invalid.[5]

All of the Martins' claims against Wells Fargo are based on
the allegation that Wells Fargo does not have the legal
authority to foreclose on their home.  See doc. no. 12 at ¶ 20
(basing claim for wrongful foreclosure on allegation that "Wells
Fargo Bank, N.A., did not have the legal authority to foreclose
on the Subject Property"); id. at ¶ 26 (basing claim for
intentional infliction of emotional distress on allegation that
Wells Fargo "misrepresented to the Plaintiffs that [it] was
entitled to exercise the power of sale provision contained in
the Mortgage . . . [despite having] no legal, equitable, or
actual beneficial interest whatsoever in the Property"); id. at
¶ 37 (seeking to quiet title in the property and that Wells
Fargo "be declared to have no interest estate, right, title or
interest in the subject property").  Because that allegation is
contradicted by exhibits attached to the Martins' amended

---

[5] The Martins also reference a "Report of Condition" for
2015, which they assert shows that Wells Fargo is holding
certain securities "Guaranteed by Ginnie Mae (GNMA)."  Doc. no.
17 at 5; doc. no. 12 at ¶ 19.  They assert that the Report of
Condition shows that Wells Fargo has sold more of those same
securities than it held.  According to the Martins, this
"overage" demonstrates that Wells Fargo "could not own [their]
Mortgage/Note, because all securities Guaranteed by GNMA, to
date, have been sold . . . ."  Doc. no. 17 at 5.  That
allegation is insufficient to contradict the plain language of
the mortgage and the mortgage assignment.

complaint, the Martins fail to state any plausible claims for relief against Wells Fargo.  Therefore, the court grants Wells Fargo's motion to dismiss.

The court notes that the only claims brought in the amended complaint are asserted against Wells Fargo.  To the extent the Martins intend to bring claims against NASB, they must file a second amended complaint asserting claims against NASB, and serve NASB in accordance with Federal Rule of Civil Procedure 4(m).

### Conclusion

For the foregoing reasons, Wells Fargo's motion to dismiss (doc. no. 16) is granted.  To the extent the Martins intend to pursue claims against NASB, they shall file a second amended complaint on or before **May 23, 2016,** and serve NASB in accordance with Rule 4(m).  Failure to file a second amended complaint within this time frame and serve NASB in accordance with Rule 4(m) will result in the dismissal of this action in its entirety with prejudice.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

April 21, 2016
cc:  Michael C. Martin, pro se
     Julie A. Martin, prose
     David D. Christensen, Esq.

8